1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  MELINDA CUNNINGHAM,              )    NO. CV 17-4852-E
                                     )
12               Plaintiff,          )
                                     )
13        v.                         )    **MEMORANDUM OPINION**
                                     )
14  COMMISSIONER OF SOCIAL SECURITY  )    **AND ORDER OF REMAND**
    ADMINISTRATION,                  )
15                                   )
                 Defendant.          )
16                                   )
    _____)
17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY

19  ORDERED that Plaintiff's and Defendant's motions for summary judgment

20  are denied and this matter is remanded for further administrative action

21  consistent with this Opinion.

22

23                        **PROCEEDINGS**

24

25        Plaintiff filed a complaint on June 30, 2017, seeking review of the

26  Commissioner's denial of disability benefits.  The parties filed a

27  consent to proceed before a United States Magistrate Judge on August 2,

28  2017.  Plaintiff filed a motion for summary judgment on

November 27, 2017. Defendant filed a motion for summary judgment on December 8, 2017. The Court has taken the motions under submission without oral argument. <u>See</u> L.R. 7-15; Order, filed July 6, 2017.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since December 16, 2011, based on several alleged impairments (Administrative Record ("A.R.") 42-470). Plaintiff testified that her impairments cause her to suffer pain and limitations of allegedly disabling severity (A.R. 43-50).

On March 14, 2016, an Administrative Law Judge ("ALJ") found Plaintiff has severe physical impairments but retains the residual functional capacity to perform a limited range of medium work (A.R. 22). With regard to Plaintiff's testimony concerning her alleged symptoms, the ALJ stated only:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. In terms of the claimant's alleged physical impairments, the undersigned limits the claimant to medium exertional work with occasional operation of foot controls. The claimant's subjective reported history cannot substitute for the objective medical evidence contained in the record, which

provides a more accurate longitudinal history of the claimant's conditions. Turning to the medical evidence, the objective findings in this case fail to provide support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than the above listed residual functional capacity (A.R. 24).

The ALJ found Plaintiff not disabled (A.R. 26-27). The Appeals Council denied review (A.R. 8-10).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

///
///
///
///

When an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>see also</u> <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990); <u>Varney v. Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988).[1] Generalized, conclusory findings do not suffice. <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); <u>see also</u> Social Security Ruling 96-7p, <u>superseded</u>, Social Security Ruling 16-3p (eff.

---

[1] In the absence of a finding of "malingering," or at least evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. <u>See, e.g.</u>, <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 488-89 (9th Cir. 2015); <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); <u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

1 March 28, 2016).[2]

2

3     In the present case, the only reasons stated by the ALJ as reasons

4 to discount Plaintiff's testimony regarding the severity of her symptoms

5 concern "the objective medical evidence contained in the record . . .

6 the objective findings in this case . . . the medical findings . . ."

7 (A.R. 24).

8

9     A lack of objective medical evidence fully supporting the alleged

10 severity of a claimant's symptomatology "can be a factor" in rejecting

11 a claimant's credibility, but cannot "form the sole basis." See Burch

12 v. Barnhart, 400 F.3d 676, 681 (2005).  Therefore, the alleged lack of

13 supporting objective medical evidence cannot justify the ALJ's

14 credibility determination in the present case.  See id.  To the extent

15 the Defendant may attempt to argue other reasons to attempt to justify

16 the ALJ's credibility determination, the Court cannot uphold the

17 determination on the basis of such other reasons.  See Pinto v.

18 Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm

19 the decision of an agency on a ground that the agency did not invoke in

20

21         [2]    Social Security Rulings ("SSRs") are binding on the

22 Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1
   (9th Cir. 1990).  The Court need not decide whether SSR 16-3p

23 applies retroactively to administrative proceedings prior to
   March 28, 2016, since the appropriate analysis in the present

24 case would be substantially the same under either SSR.  See R.P.
   v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016)

25 (observing that only the Seventh Circuit has issued a published

26 decision applying Ruling 16-3p retroactively, and concluding that
   Ruling 16-3p "implemented a change in diction rather than

27 substance") (citations omitted); see also Trevizo v. Berryhill,
   871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p

28 "makes clear what our precedent already required").

making its decision"); cf. Trevizo v. Berryhill, 871 F.3d at 682 n.10 (9th Cir. 2017) (a finding in a section of the ALJ's decision other than the section addressing the claimant's testimony cannot properly be considered to have been a credibility finding).

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (citing Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Ghanim v. Colvin, 763 F.3d at 1166 (remanding for further proceedings where the ALJ failed to state sufficient reasons for deeming a claimant's testimony not credible); Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (court may "remand for further proceedings, even though all conditions of the credit-as-true rule are satisfied, [when] an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"); Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper

course is remand for additional agency investigation or explanation, except in rare circumstances).[3]

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 22, 2017.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]     There are outstanding issues that must be resolved before a proper disability determination can be made in the present case.  For example, it is not clear whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if Plaintiff's testimony were fully credited.  See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

[4]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.